UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:20-cr-00478-IM-1 |
| v. | PRELIMINARY ORDER OF FORFEITURE AND FINAL ORDER OF FORFEITURE AS TO DEFENDANT DAVID ACOSTA-ROSALES |
| DAVID ACOSTA-ROSALES, | |
| Defendant. | |

Defendant, David Acosta-Rosales, entered into a plea agreement and pleaded guilty to Count 1 of the Indictment.

In the forfeiture allegation of the Indictment in the above case, the United States sought forfeiture of any property of the defendant, David Acosta-Rosales, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, which defendant admits were involved in the commission of a violations charged in Count 1.

**Preliminary Order of Forfeiture** Page 1

Accordingly, it is ORDERED:

1. Based upon the defendant, David Acosta Rosales's plea of guilty to Count 1 of the Indictment, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 981 and 28 U.S.C. § 2461, the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

$2,450 U.S. currency.

2. The forfeited property is to be held by the Bureau of Alcohol, Tobacco, Firearms, and Explosives in its secure custody during the pendency of this action.

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish on the official government internet site, www.forfeiture.gov, notice of this order, notice of the Bureau of Alcohol, Tobacco, Firearms, and Explosives' intent to dispose of the property in such manner as the United States may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any

person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Upon entry of this Order, the United States is authorized to conduct discovery in identifying, locating, or disposing of the asset in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

5. Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication and proof of notice to any persons known to have alleged an interest in the property, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee as provided in Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED this 6th day of December 2021.

KARIN J. IMMERGUT
United States District Judge

Submitted by:

SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney

*/s/ Sarah Barr*
SARAH BARR, WSB #40758
Assistant United States Attorney