IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:20-cr-00478-IM-1 |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE** |
| **DAVID ACOSTA-ROSALES**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Sarah Barr, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

David Acosta-Rosales, USM# 82175-065, FDC SeaTac, Inmate Mail/Parcels, P.O. BOX 13900, Seattle, WA 98198. Pro Se.

**IMMERGUT, District Judge.**

Before this Court is Defendant David Acosta Rosales's Motion for Reduction in Sentence ("Mot."), ECF 363. Defendant argues that he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the zero-point offender provision in the United States Sentencing Commission's Amendment 821. Mot., ECF 363 at 1–2. The Government opposes the Motion. Response to Defendant's 18 U.S.C. § 3582(c)(2) Motion for Reduction in Sentence ("USA

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE

Resp."), ECF 365. It argues that Defendant is ineligible for a sentence reduction because he received one criminal history point, making him facially ineligible for a reduced sentence under Amendment 821. *Id.* at 3–4. The Government also argues that Defendant is ineligible because he "engaged in nearly *all* of the listed disqualifying conduct" under § 4C1.1(a)(7) of the United States Sentencing Guidelines ("U.S.S.G."). *Id.* at 4–5. Further, the Government argues that a sentence reduction would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 5–6. This Court agrees with the Government and DENIES Defendant's Motion for Reduction in Sentence, ECF 363.

## BACKGROUND

In September 2021, Defendant pleaded guilty to one count of conspiracy to make false statements in connection with acquisition of firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 371. Plea Agreement, ECF 156 ¶ 2; Minutes of Proceedings, ECF 159. Defendant's guideline range was 151 to 188 months, based on his total offense level of 34 and criminal history category of I. Pre-Sentence Investigation Report, ECF 201 ¶ 95. However, the statutorily authorized maximum sentence was less than the minimum applicable guideline range, altering the final guideline term of imprisonment to 120 months. *Id.* On December 6, 2021, this Court sentenced Defendant to 75 months of imprisonment. Judgment & Commitment, ECF 222. On May 21, 2024, Defendant moved to reduce his sentence. Mot., ECF 363. Defendant is currently incarcerated at SeaTac FDC, with a projected release date of February 8, 2025. USA Resp., ECF 365 at 2.

## DISCUSSION

This Court must construe Defendant's pro se motion liberally. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020). A reduction in sentence after a reduction in the guideline range is authorized by 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

To determine if a reduction is appropriate, a district court thus engages in a two-step inquiry. *United States v. Brito*, 868 F.3d 875, 879–80 (9th Cir. 2017). First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in U.S.S.G. § 1B1.10, which requires the court to decide whether the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time the defendant was sentenced. *Id.* at 880. Second, the court must consider the applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized is warranted in whole or in part under the circumstances of the case. *Id.*

### A.  Applicability of Amendment 821

Defendant argues that he is eligible for a reduction in sentence because Amendment 821, which alters U.S.S.G. § 4C1.1, applies to him. Subpart 1 of Part B of Amendment 821 creates a new § 4C1.1 guideline that provides a decrease of two offense levels and is applicable if the "defendant did not receive any criminal history points from Chapter 4, Part A," and if "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a

firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense," among other criteria. U.S.S.G. § 4C1.1.

Here, Defendant received one criminal history point, making him ineligible for the zero-point offender reduction. Further, Defendant's offense revolved around the possession, transport, transfer, and sale of firearms. Defendant was involved in a gun-trafficking conspiracy that bought, transferred, and trafficked high-powered assault rifles to be smuggled to Mexico. Pre-Sentence Investigation Report, ECF 201 ¶¶ 17–18; Plea Agreement, ECF 156 ¶ 5. Defendant is ineligible for the reductions created by Amendment 821.

## B.  The Sentencing Factors

Defendant does not argue that a sentence reduction is appropriate under the § 3553(a) sentencing factors. For completeness, this Court addresses whether the § 3553(a) factors warrant a reduction.

They do not. When this Court sentenced Defendant, it took full account of Defendant's presentence report, both sides' arguments and representations, and the sentencing guidelines. This Court varied downward from the applicable range to select the appropriate sentence. That sentence was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and protect the public from further crimes that may be committed by this Defendant. Accordingly, any change to Defendant's sentence would be inconsistent with the sentencing guidelines and the sentencing factors under 18 U.S.C. § 3553(a).

///

///

///

## CONCLUSION

Defendant is not eligible for the requested reduction in his sentence. And, even if he were eligible, he has not demonstrated how a reduction in his sentence would satisfy the sentencing guidelines and sentencing factors under § 3553(a). Accordingly, this Court DENIES Defendant's Motion for Reduction in Sentence, ECF 363.

**IT IS SO ORDERED.**

DATED this 27th day of June, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge